# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 18, 2009

## STATE OF TENNESSEE v. JOEL ADAM ALEXANDER

**Direct Appeal from the Circuit Court for Bedford County**
**No. 16250     Robert Crigler, Judge**

_____

**No. M2008-02085-CCA-R3-CD - Filed August 23, 2010**

_____

Defendant, Joel Adam Alexander, was indicted for possession of more than .5 grams of a Schedule II substance containing a cocaine base with the intent to sell, possession of more than .5 grams of a Schedule II substance containing a cocaine base with intent to deliver, possession of more than .5 ounces of marijuana with the intent to sell, possession of more than .5 ounces of marijuana with the intent to deliver, and possession of drug paraphernalia. On June 16, 2008, Defendant entered a plea of guilty to possession of more than .5 grams of a Schedule II substance containing a cocaine base with intent to sell, with an agreed sentence of ten years as a Range I, standard offender. The manner of service of the sentence was left to the trial court's determination. Following a sentencing hearing, the trial court ordered the sentence to be served by incarceration. On appeal, Defendant challenges the trial court's denial of alternative sentencing. After a thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Donna Orr Hargrove, District Public Defender; and Andrew Jackson Dearing, Assistant Public Defender, Shelbyville, Tennessee, for the appellant, Joel Adam Alexander.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Charles Frank Crawford, Jr., District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

### I. Background

At the guilty plea submission hearing on June 16, 2008, the State offered the following factual basis in support of Defendant's plea:

[O]n November 16, 2006 a confidential informant working under the direction of the Drug Task Force made a controlled buy from the defendant at the residence located at 340 Frank Martin Road here in Shelbyville.

Based upon that the agents then procured a search warrant to be made upon the location of 340 Frank Martin Road and any of its occupants.

The agents and then other members of law enforcement including the high sheriff returned and executed the search warrant.

The defendant was present at the time the search warrant was executed. A number of items were recovered from inside the residence.

There was crack cocaine weighing 29.7 grams; another quantity that weighed 4.4 grams; and then another quantity that weighed 22.6 grams.

There was also some powder cocaine weighing 2.6 grams; and some marijuana weighing 31.2 grams.

In addition a large amount of money was found, over $10,000 in cash.

Various - - at least one set of digital scales was found. A .22 caliber pistol and a 30-30 rifle was found in the residence.

The defendant was found at that time and he admitted the ownership of the crack cocaine, the marijuana and the drug paraphernalia and the guns.

He admitted that at least some of the money recovered was from illegal drug proceeds.

He admitted he was obtaining approximately two ounces of crack cocaine a week from his source. He admitted being involved in the distribution of drugs at the Frank Martin residence earlier in the evening which would include the

controlled buy the Drug Task Force had made earlier in the evening before obtaining the search warrant.

A sentencing hearing was held on August 18, 2008. The parties made the following stipulation: "[I]f called Director Tim Lane of the Drug Task Force would testify that crack cocaine is the drug that causes the greatest amount of problems here in Bedford County among drug problems and that there is a need for deterrence." Defendant testified that he has lived at 1007 West Lane since his release on parole from "South Central" on May 6, 2008, for a 2007 Rutherford County drug case. He has been continuously employed at "BJ Detail Shop" since his release. Defendant testified that while incarcerated in South Central, he attempted to inquire about the status of the present case. He said that he was arrested for the offenses in this case on May 6, 2008, after he was released on parole from the Rutherford County case.

On cross-examination, Defendant testified that he was arrested for the Rutherford County offense on March 31, 2006, and he made bond. He admitted that he was on bond for that offense until he pled guilty on January 22, 2007. Petitioner admitted that he was arrested in Bedford County on May 28, 2006, and charged with driving on a revoked license and a drug offense. On November 21, 2006, he pled guilty to driving on a revoked license and received a six-month suspended sentence. He also pled guilty to simple possession and received a "11-29" suspended sentence. Defendant admitted that he was on bond between the dates of May 28, 2006, and November 21, 2006.

Defendant testified that he pled guilty in Bedford County on April 28, 2006, to driving on a revoked license and received a "11-29" suspended sentence, all but ten days. That suspended sentence was revoked on May 7, 2008, and his probation was extended. He was on probation for that offense on November 16, 2006, when the present offense was committed.

## II. Denial of Request for Alternative Sentencing

On appeal, the party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is improper. *See* T.C.A. § 40-35-401, Sentencing Comm'n Comments; *see also State v. Arnett*, 49 S.W.3d 250, 257 (Tenn.2001). When a defendant challenges the length, range, or manner of service of a sentence, it is the duty of this Court to conduct a de novo review on the record with a presumption that the determinations made by the court from which the appeal is taken are correct. T.C.A. § 40-35-401(d). This presumption of correctness, however, "'is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances.'" *State v. Carter*, 254 S.W.3d 335, 344-45 (Tenn. 2008) (quoting *State v.*

*Ashby*, 823 S.W.2d 166, 169 Tenn. 1991)). "If, however, the trial court applies inappropriate mitigating and/or enhancement factors or otherwise fails to follow the Sentencing Act, the presumption of correctness fails," and our review is de novo. *Carter*, 254 S.W.3d at 345 (quoting *State v. Shelton*, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992); *State v. Pierce*, 138 S.W.3d 820, 827 (Tenn. 2004)).

In conducting a de novo review of a sentence, this Court must consider (a) the evidence adduced at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; (f) any statistical information provided by the Administrative Office of the Courts as to Tennessee sentencing practices for similar offenses; and (g) any statement the defendant wishes to make in the defendant's own behalf about sentencing. T.C.A. § 40-35-210(b); *see also Carter*, 254 S.W.3d at 343; *State v. Imfeld*, 70 S.W.3d 698, 704 (Tenn. 2002).

A defendant is no longer entitled to a presumption that he or she is a favorable candidate for probation. *Carter*, 254 S.W.3d at 347. Our sentencing law, however, provides that a defendant who does not possess a criminal history showing a clear disregard for society's laws and morals, who has not failed past rehabilitation efforts, and who "is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. T.C.A. § 40-35-102(5), (6). Additionally, a trial court is "not bound" by the advisory sentencing guidelines; rather, it "shall consider" them. *Id.* § 40-35-102(6).

Because he was convicted of a Class B felony, Defendant is not considered a favorable candidate for alternative sentencing. *See* T.C.A. § 40-35-102(6). Nonetheless, Defendant remains eligible for an alternative sentence because his sentence was ten years or less and the offense for which he was convicted is not specifically excluded by statute. T.C.A. §§ 40-35-102(6), -303(a).

In determining whether to deny alternative sentencing and impose a sentence of total confinement, the trial court must consider if:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant....

T.C.A. § 40-35-103(1); *see also Carter*, 254 S.W.3d at 347. Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. T.C.A. § 40-35-103(2), (4). The court should also consider the defendant's potential for rehabilitation or treatment in determining the appropriate sentence.

The determination of entitlement to full probation necessarily requires a separate inquiry from that of determining whether a defendant is entitled to a less beneficial alternative sentence. *See State v. Bingham*, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995), *overruled on other grounds* by *State v. Hooper,* 29 S.W.3d 1, 9-10 (Tenn.2000). A defendant is required to establish his suitability for full probation as distinguished from his favorable candidacy for alternative sentencing in general. *State v. Mounger*, 7 S.W.3d 70, 78 (Tenn. Crim. App. 1999); *see* T.C.A. 40-35-303(b) (2006); *Bingham*, 910 S.W.2d at 455-56. A defendant seeking full probation bears the burden of showing that probation will subserve the ends of justice and the best interest of both the public and the defendant. *State v. Dykes*, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990), *overruled on other grounds by Hooper*, 29 S .W.3d at 9. As the Sentencing Commission Comments point out, "even though probation must be automatically considered as a sentencing option for eligible defendants, the defendant is not automatically entitled to probation as a matter of law." *Id*. § 40-35-303, Sentencing Comm'n Cmts.

Defendant contends that the trial court erred in denying his request for alternative sentencing. He first argues that he should have been granted probation. The trial court considered Defendant's long history of criminal conduct, the seriousness of the offense, and that measures less restrictive than confinement have frequently and recently been applied unsuccessfully to Defendant. The presentence report reflects that Defendant has a prior history of criminal conduct from 1985 to the present. He has convictions for casual exchange, three driving on a revoked license convictions, possession of cocaine, driving while under the influence of an intoxicant, possession of less than .5 ounces of marijuana, failure to appear, driving on a suspended license, and petit larceny. In the present case, Defendant was in possession of a total of 56.7 grams of cocaine and 31.2 grams of marijuana, as well as $10,000 in cash. Defendant has received a suspended sentence on eight prior

occasions, yet he has continued to commit crimes. He was on probation for driving on a revoked license when the present offense was committed, and that probation was later revoked. The trial court considered that Defendant was on bond in Bedford County for another driving on a revoked license charge and casual exchange when this offense was committed, and he was also on bond in Rutherford County for possession of cocaine. We conclude that the trial court did not abuse its discretion in denying Defendant's request for probation.

Defendant also argues that the trial court erred in not sentencing him to community corrections, which is a form of alternative sentencing. Pursuant to statute, offenders who satisfy the following minimum criteria are eligible for participation in a community corrections program:

> (A) Persons who, without this option, would be incarcerated in a correctional institution;
>
> (B) Persons who are convicted of property-related, or drug- or alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 13, parties 1-5;
>
> (C) Persons who are convicted of nonviolent felony offenses;
>
> (D) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
>
> (E) Persons who do not demonstrate a present or past pattern of behavior indicating violence;
>
> (F) Persons who do not demonstrate a pattern of committing violent offenses [.]

T.C.A. § 40-36-106(a).

However, even though an offender meets the requirements for eligibility for community corrections, he or she is not automatically entitled to such relief. *State v. Ball*, 973 S.W.2d 288, 294 (Tenn. Crim. App. 1998); *State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). Rather, the statute provides that the criteria shall be interpreted as minimum standards to guide a trial court's determination of whether that offender is eligible for community corrections. T.C.A. § 40-36-106(d).

Defendant relies on *State v. Cummings*, 868 S.W.2d 661 (Tenn. Crim. App. 1992) to support his contention that he should have been placed on community corrections. In *Cummings*, the defendant was charged with eight counts of fraudulently obtaining a controlled substance. He was denied community corrections by the circuit court, but this Court reversed that decision on appeal. *Id.* at 669. However, *Cummings* is distinguishable from the present case. Unlike Defendant, Mr. Cummings had no criminal record, and he had never been on any type of alternative sentencing. This Court determined that Mr. Cummings was a "paradigmatic type of offender who deserved community corrections." *Id.* at 668. Defendant's reliance on *Cummings* is misplaced due to his lengthy criminal record and his past failures on alternative sentencing. *See State v. Dwight Morton Spence*, No. M2006-00133-CCA-R3-CD, 2006 WL 3498141, at *4 (Tenn. Crim. App., at Nashville, Nov. 22, 2006) *perm. app. denied* (Tenn. Feb. 6, 2007) (Defendant's prior convictions, revocation of alternative sentences, extensive history of marijuana use, failure to seek treatment, and the facts of the case supported the denial of alternative sentencing). Accordingly, Defendant is not entitled to relief on this issue.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE